GREATER CHICAGO AUCTION, INC., Plaintiff-Garnisher-Appellant, *v.* HERBERT ABRAM, Defendant-Appellee.—(TRAVELERS INDEMNITY COMPANY, Garnishee-Appellee.)

(No. 59649; ▮▮▮▮▮▮)

First District (4th Division)—January 22, 1975.

Richard L. Berdelle, of Pretzel, Stouffer, Nolan & Rooney, of Chicago (Willis R. Tribler and Joseph B. Lederleitner, of counsel), for appellant.

Kirkland & Ellis, of Chicago (John W. Bell, of counsel), for appellee.

Mr. JUSTICE JOHNSON delivered the opinion of the court:

In this case a default judgment was rendered against Abram, the insured, when he failed to appear at trial. Thereafter, garnishment proceedings were brought to collect the amount of the default judgment from Travelers Indemnity Company, the judgment debtor's insurer. On cross motions for summary judgment, the trial court entered judgment in favor of the garnishee-insurer.

The following issues are raised on appeal: Does an insurer waive its policy defense when it retains counsel who appear and defend the in-

sured without a reservation of rights? Is an insurer estopped to deny liability for a default judgment against its insured after insurer appointed counsel withdraws from the defense which they engaged in for almost 2 months without any reservation of rights? Was plaintiff garnisher entitled to summary judgment; and was it reversible error to grant summary judgment to the garnishee-insurer?

The plaintiff, Greater Chicago Auction, Inc., is engaged in the business of auctioning used automobiles to dealers who may enter the premises to examine, inspect, and purchase them. On September 18, 1958, while Joseph St. Angelo was inspecting a vehicle, he was injured by Herbert Abram, the defendant. On February 11, 1964, the plaintiff settled with St. Angelo for $9000 and filed this lawsuit against Abram on October 13, 1964, to recover the money paid in the settlement.

On January 29, 1965, Travelers received a letter from Herbert Abram informing Travelers of the accident that occurred on September 18, 1958. Abram was advised on February 2, 1965, by Travelers, that its attorneys would enter an appearance in his behalf so that the case would not be defaulted. Abram was also told in this letter that he was not entitled to a defense under the policy since Travelers had received no prior notice of the accident, and that its attorneys would be withdrawing from the case. Finally, Abram was instructed to retain counsel if he desired to defend himself and avoid the possibility of a judgment. In a subsequent letter dated February 17, 1965, Travelers informed Abram a second time that he was not entitled to a defense under the policy issued to Joyce because of a lack of notice. Furthermore, Abram was told that Travelers' attorneys would file an answer, but would withdraw on March 15, 1965, so he should arrange for his own attorneys to protect his interests thereafter.

Judge Hallett granted Travelers' attorneys' motion to withdraw on March 15, 1965. On January 14, 1966, an order of default was entered against Herbert Abram for his failure to appear. On August 12, 1966, the cause was set for default prove-up, which took place on October 31, 1966, resulting in a default judgment of $9000 against Herbert Abram.

On October 10, 1967, garnishment proceedings were initiated by the garnisher, Greater Chicago Auction, against Travelers Indemnity Company, the garnishee. Travelers appeared on October 10, 1967, and filed a motion to strike. The garnisher contested the garnishee's motion to strike by in turn moving to strike the motion. The garnisher's motion to strike the garnishee's motion was granted, and the garnishee was ordered to answer or otherwise plead. The garnishee filed its answer on July 18, 1968. Travelers then moved for summary judgment on May 15, 1973. On July 10, 1973, the garnisher moved for summary judgment. In ruling

on these cross motions, the trial judge concluded that there were no genuine issues of material fact to be litigated and granted the garnishee-defendant's motion for summary judgment.

The threshold question to be considered in this appeal is the timeliness of Abram's notice to his insurer. Travelers argues that Abram's failure to notify them of a claim until almost 7 years after it arose violated a condition of coverage and relieved Travelers of liability. The notice provision, in a specimen policy of the insurer, provides in pertinent part:

"Conditions:

10. Notice of Accident

When an accident occurs written notice shall be given by or on behalf of the insured to the company or any of its authorized agents as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

The notice provision is clear and unambiguous and clearly imposes a duty on the insured to notify the insurer. However, the facts in the instant case indicate that this procedure was not followed. Although the accident occurred on September 18, 1958, Travelers was first notified by Abram January 29, 1965, approximately 76 months after the accident. The insured's 76-month delay in informing the insurer is hardly notice "as soon as practicable" as called for by the policy.

■■ In *International Harvester Co. v. Continental Casualty Co.* (1962), 33 Ill.App.2d 467, 179 N.E.2d 833, a declaratory judgment action in which the court held that an insurer was entitled to summary judgment, the court states at pages 471-72:

"A notice provision such as this is not to be considered as a technical requirement included in policies merely for the convenience of the insurance company. Rather it is a matter of substance imposing a valid prerequisite to coverage. (Imperial Fire Ins. Co. v. Coos County, 151 US 452.) Upon the happening of an accident, a prompt, as distinguished from a delayed, investigation of the facts of the occurrence can so greatly affect the efficiency of the defense as to change the very character of the risk involved. (Clements v. Preferred Accident Ins. Co., 41 F2d 470; 76 ALR 17.) It follows, therefore, that the notice requirements of a policy apply not only to the named insured but also to the unnamed additional insureds under an omnibus clause. (Royal Indemnity Co. v. Morris, 37 F2d 90, c.d. 281 US 748; 72 ALR 1425.)"

Abram, although an unnamed additional insured under the policy is,

nevertheless, a protected person who must comply with the notice requirement. The defendant's failure to comply with the notice provision, a condition interpreted as a valid prerequisite to coverage by this court, justifies a disclaimer on the part of the insurer. *Allstate Insurance Co. v. Hoffman* (1959), 21 Ill.App.2d 314, 158 N.E.2d 428.

The appellant contends that the insurer waived its policy defenses when it retained counsel who appeared and defended the insured without a reservation of rights. The appellant relies on *Gibraltar Insurance Co. v. Varkalis* (1970), 46 Ill.2d 481, 263 N.E.2d 823, as authority for its position. In *Varkalis* an insurer brought a declaratory judgment action against its insured for a determination of no coverage and no duty to defend by reason of an alleged policy defense because of the "intentional act" exclusion. The insured in *Varkalis* had caused the death of the decedent on May 13, 1961, and the insurer there said it first became aware of the claim on February 13, 1964. On March 19, 1964, the insurer entered an appearance on behalf of its insured through counsel retained by it. The insurer there did not disclaim coverage until July 13, 1965. The declaratory judgment action was filed, and the insurance company's appointed counsel then withdrew their appearance with leave of court and a $30,000 judgment was rendered against the insured. The *Varkalis* court, in explaining the reasons for its decision, states at page 488:

> "* * * [P]laintiff did not notify the insured of its intention to assert a policy defense until July 13, 1965. During the interim it acted on behalf of Robinson as though no questions of policy coverage were involved, thus clearly causing him to wholly rely for his defense on the efforts of plaintiff."

In the instant case the appellee-insurer in no way prejudiced the rights of the insured. In fact, when the appellee was notified on January 29, 1965, and told about the accident, Travelers, unlike the insurer in *Varkalis*, immediately sent Abram two letters, one on February 2, 1965, and another on February 17, 1965. In both letters Abram was informed that he was not entitled to a defense and should retain counsel since the appellee's attorneys were answering the complaint only to keep his rights from being prejudiced. The garnishee did not act as though no questions of policy coverage existed, but told Abram 4 days after being notified of the accident that he was not entitled to a defense. These letters were written in clear and unambiguous language, so the defendant could not reasonably rely on the efforts of the appellee for his defense. Finally, these letters were clearly tendered within a reasonable time to give the insured an opportunity to retain counsel and prevent the default judg-

ment from being entered against him. The facts in this case do not warrant estopping the insurer from repudiating liability. (*Apex Mutual Insurance Co. v. Christner* (1968), 99 Ill.App.2d 153, 240 N.E.2d 742.) Consequently, summary judgment was properly entered in favor of the garnishee-insurer.

For the foregoing reasons, the judgment of the circuit court is affirmed.

Affirmed.

DIERINGER, P. J., and ADESKO, J., concur.