STATE SECURITY INSURANCE COMPANY, Plaintiff-Appellant, v. GLOBE AUTO RECYCLING CORPORATION *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 83—1796

Opinion filed February 13, 1986.—Rehearing denied March 21, 1986.

Leon M. Fineberg and Michael J. Progar, both of Brody, Gore, Fineberg & Wikoff, Ltd., of Chicago, for appellant.

Frank M. Greenfield, Ltd., of Chicago (Alfred W. Israelstam, Frank M. Greenfield, and Jay M. Rubinstein, of counsel), for appellees.

JUSTICE WHITE delivered the opinion of the court:

This appeal involves the construction of an insurance policy. State Security Insurance Company filed a complaint for declaratory judgment asking the court to declare that the policy it issued to Globe Auto Recycling Corporation did not provide coverage to Globe for the incident which was the basis of a personal injury suit brought against Globe by Ashok Thadani, individually, and as father and next friend of Jason Thadani, a minor. The trial court denied State Security's motion for summary judgment and granted Thadani's motion to dismiss. From these orders State Security appeals.

The policy of insurance provides in part as follows:

> "The company will pay on behalf of the *insured* all sums which the *insured* shall become legally obligated to pay as damages because of

A. *bodily injury* or

B. *property damage*

to which this insurance applies, caused by an *occurrence,* and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such *bodily injury* or *property damage* \*\*\*." (Emphasis in original.)

In its definitions, the policy provides:

" *'occurrence'* means an accident \*\*\* which results \*\*\* in *bodily injury* or *property damage* neither expected nor intended from the standpoint of the *insured.*" (Emphasis in original.)

State Security contends that this policy precludes any duty on its part to defend the underlying personal injury action or to provide coverage to Globe.

In the personal injury suit, Thadani initially alleged that he was the victim of the intentional torts of assault, battery, false imprisonment and the intentional infliction of emotional distress committed by Globe's agents. Only after this declaratory judgment action was filed did he amend his complaint to allege additionally that Globe had engaged in negligent screening and hiring practices as a result of which certain employees of Globe committed assault and battery against him, causing personal injury.

■■ We first address the question of whether the policy provided coverage for the intentional torts alleged in the personal injury suit. In *Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617, 411 N.E.2d 1157, the policy of insurance had a clause that excluded bodily injury or property damage, " 'which is either expected or intended from the standpoint of the insured.' " (89 Ill. App. 3d 617, 620, 411 N.E.2d 1157.) The policy involved in the instant case similarly limits coverage to "bodily injury or property damage neither expected nor intended from the standpoint of the insured." The court in *Aetna* held that the injuries alleged by the tort-plaintiff arising out of the intentional torts of assault and battery could not be considered either unintended or unexpected and denied coverage to the insured. We similarly hold that Globe's policy did not cover the intentional torts alleged by Thadani.

We next consider the amendment to the complaint which alleged Globe's negligence:

"That as a direct and proximate result of the defendant[']s negligent hiring practice, certain of its employees who defendant knew to be volient [*sic*] without cause or provocation \*\*\* threatened Ashok Thadani with physical harm and further en-

gaged in conduct consisting of physical \*\*\* contact with the person of Ashok Thadani which contact \*\*\* consisted of punching, kicking, and the like."

The issue presented is whether the added language alleges facts within policy coverage or potentially within policy coverage.

■■ ■ As a general rule, the duty of an insurer to defend an action brought against the insured is to be determined solely from the allegations of the complaint. (*Thornton v. Paul* (1978), 74 Ill. 2d 132, 144, 384 N.E.2d 335.) Specifically, in the case at bar, we must determine whether Globe's negligent hiring practices, which Thadani alleges resulted in the hiring of violent employees who battered him, must be found as a matter of law not to constitute an occurrence within the meaning of the insurance policy. We decline to so hold. In *Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187, 355 N.E.2d 24, the court said:

"In determining whether the insurer owes a duty to the insured to defend an action brought against him, it is the general rule that the allegations of the complaint determine the duty. If the complaint alleges facts within the coverage of the policy or potentially within the coverage of the policy the duty to defend has been established. \*\*\*

This duty to defend extends to cases where the complaint alleges several causes of action or theories of recovery against an insured, one of which is within the coverage of a policy while the others may not be." 64 Ill. 2d 187, 193-94, 355 N.E.2d 24.

■ In the instant case, we find that the complaint in the underlying tort action presents two theories of recovery against Globe: one, the intentional tort, is outside of coverage by the insurer, but the other, negligent hiring, is potentially within the coverage of the policy. Under the authority of *Maryland Casualty Co.*, the duty to defend extended to State Security. The trial court in its rulings on State Security's motion for summary judgment and Thadani's motion to dismiss held that this duty was subject to the limitations set forth in *Thornton v. Paul* (1978), 74 Ill. 2d 132, 384 N.E.2d 335. In that case, Thornton filed a personal injury suit alleging wilful and wanton conduct by the defendant. Later, Thornton, like Thadani in the personal injury action in the case at bar, amended his complaint to include, in addition, a count alleging negligence by the defendant. Our supreme court observed that Thornton had "filed the amended complaint charging negligence solely for the purpose of bringing the action within potential insurance coverage [and] \*\*\* to maneuver the insurer into a position where it would be obligated to pay the judgment \*\*\*."

(74 Ill. 2d 132, 145-46, 384 N.E.2d 335.) In the instant case, the complaint as amended charged Globe both with conduct for which the policy may provide coverage and conduct for which it does not. A finding for plaintiff on the intentional count would render Globe liable, but it would impose no liability on State Security. Thus, there is a conflict between Globe and State Security in the defense of the underlying suit. In *Thornton*, our supreme court held that when there is such a conflict of interests, "the insurer should not be obligated or permitted to participate in the defense of the case. Its obligation to provide a defense should be satisfied by reimbursing the insured for the costs of the defense." *Thornton v. Paul* (1978), 74 Ill. 2d 132, 152, 384 N.E.2d 335.

In light of the foregoing, we can find no error in the order of the trial court dismissing State Security's action seeking a declaration that its policy of insurance provides no coverage to Globe and imposed on it no duty to defend the lawsuit brought by Ashok Thadani. State Security's motion for summary judgment was properly denied.

Affirmed.

McNAMARA[1] and McGILLICUDDY, JJ., concur.

———

[1]At oral argument, Justice Rizzi was a member of the panel. After oral argument, Justice Rizzi recused himself from participation. Justice McNamara was assigned to participate in the appeal, has read the briefs, has listened to the tapes of the oral argument, and has participated in the decision.