**MUTUAL SERVICE CASUALTY
INSURANCE COMPANY,
Plaintiff–Appellee,**

v.

**COUNTRY LIFE INSURANCE COMPA-
NY, Country Mutual Insurance Compa-
ny and Country Casualty Insurance
Company, Defendants–Appellants.**

No. 88–1115.

United States Court of Appeals,
Seventh Circuit.

Argued May 31, 1988.

Decided Oct. 12, 1988.

Joseph P. Della Maria, Jr., Rothschild Barry & Myers, Chicago, Ill., for defendants-appellants.

David L. Antognoli, Bernard & Davidson, Granite City, Ill., for plaintiff-appellee.

Before BAUER, Chief Judge, and CUMMINGS and CUDAHY, Circuit Judges.

CUMMINGS, Circuit Judge.

Country Life Insurance Company, Country Mutual Insurance Company, and Country Casualty Insurance Company ("Country Companies") appeal the district court's entry of partial summary judgment in favor of plaintiff Mutual Service Casualty Insur-

ance Company ("MSI"), which sought declaratory relief concerning its obligations under both a general liability and an umbrella insurance policy it issued to Country Companies. The court below concluded that because MSI's policies did not cover the intentional torts alleged in the underlying lawsuit, MSI need not defend nor indemnify Country Companies against the class action seeking damages in excess of $20 million. We affirm for the reasons that follow.

Joseph Slimack, as well as certain other former agents of Country Companies,[1] filed a two-count complaint on October 21, 1981, in state court, alleging that Country Companies "knowingly" engaged in a "scheme or plan" to deprive them of compensation due under agency contracts as well as firing them or forcing their resignation if they objected to the foregoing conduct. Count I claimed that when various insurance policyholders failed to pay their premiums, Country Companies then withheld the agents' commissions and applied them to pay the delinquent premiums. Count II further alleged that the insurance accounts procured by the former agents were subsequently transferred to the new agents who replaced them. The claimant agents also asserted that they suffered emotional distress emanating from Country Companies' actions. The complaint sought unquantified compensatory damages as well as $20 million dollars in punitive damages on each count.

MSI insured Country Companies under two policies, a general liability and an umbrella policy. The general liability policy covered property damage and bodily injury, while the umbrella policy insured against loss in excess of the general policy's limits of coverage. In each policy, the insuring clause restricted liability coverage to loss caused by an "occurrence," defined as "an accident ... which results in bodily injury or property damage neither expected or intended from the standpoint of the insured."

One month after the filing of the *Slimack* suit, through a letter of F.J. Hagen, its Business Insurance Claims Manager, MSI accepted the defense of Country Companies, but explicitly reserved the right to disclaim its coverage and "to bring a declaratory judgment action sometime in the future to litigate these coverage issues" (Def.App. 115). After reserving its rights, MSI then allowed Country Companies to retain independent legal counsel to defend the action, and MSI paid the litigation costs until 1986. Payment was pursuant to a December 3, 1981, letter of Hagen, stating that MSI was "willing to defend those companies subject to the right to bring a declaratory judgment action at an appropriate time and a right to withdraw from the defense" (Def.App. 117).

MSI later brought this declaratory judgment action in federal district court in April 1985. Country Companies responded, and in a memorandum opinion entered on June 19, 1985, Chief Judge Foreman ruled:

"Here the Plaintiff [MSI] asks this court to declare that the agents have failed to allege facts in their complaint sufficient to sustain a cause of action for mental anguish or emotional distress, apparently on the contention that absent these two theories of recovery the agents' complaint would not fall within the insurance policy. It is important to note that the plaintiff is not asking this court to declare that the facts as alleged in the state court complaint do not fall within the confines of the insurance policy. Clearly, this court would have the authority to so declare. Rather, the plaintiff is apparently asking this court to declare that, although the facts alleged fall within the policy, they are insufficient to sustain a cause of action for emotional distress or mental anguish. However, by so declaring, this court would be deciding an ultimate issue in the underlying suit, namely whether the agents' complaint fails to state a valid claim for relief. This issue must be decided by the state court."

1. These other parties, defendants below, include Glen Merwin, Larry Brighton, Dennis Speckman, Carl Kunz, Leroy Hamman, Leonard Brockmeyer, James Lyons, Donald Koenig, Noel Roberts, David Baggett, Merrell Litherland and Larry Taylor.

(Def.App. 96). After filing an amended complaint on November 19, 1986, MSI moved for partial summary judgment on March 20, 1987, seeking an order that it had no duty to defend the *Slimack* action. On December 14, 1987, the district court held that the underlying litigation did not allege the requisite "occurrence" because it predicated Country Companies' liability solely on an intentional tort theory. The court further decided that MSI's letter agreeing to pay Country Companies' defense costs did not estop it from reserving its right to withdraw. This appeal followed the grant of partial summary judgment. This Court has jurisdiction because the court below entered a final judgment as to MSI's claim under Rule 54(b) of the Federal Rules of Civil Procedure.

■ Country Companies first contends that diversity jurisdiction does not exist because nothing in the record shows that MSI is a Minnesota corporation. MSI's amended complaint omitted essential jurisdictional allegations, but did assert that its principal place of business was in Minnesota and that the suit was brought under 28 U.S.C. § 1332, the diversity provision of the Judicial Code. Although neither the parties nor the district judge noticed the defect until after the judge had rendered his decision on the merits,[2] it was not too late for Country Companies to question the court's jurisdiction in its appellate brief. See Fed. R.Civ.P. 12(h)(3); *Casio, Inc. v. S.M. & R. Co.*, 755 F.2d 528, 530 (7th Cir.1985); cf. *Honneus v. Donovan*, 691 F.2d 1, 2 (1st Cir.1982) (*per curiam*). MSI relies on its Proposed Findings of Fact and Conclusions of Law which proposed that the district court find MSI to be a citizen of Minnesota. We need not decide whether such a proposal is sufficient to establish diversity jurisdiction, since MSI has also requested leave to allege that it is a mutual insurance company incorporated under Minnesota law, conceding "inartful pleading" of its complaint. As we recently noted, 28 U.S.C. § 1653 authorizes the amendment of "defective allegations of jurisdiction." *New-*

*man–Green, Inc. v. Alejandro Alfonzo-Larrain R.*, 854 F.2d 916, 919 (7th Cir. 1988) (*en banc*). Furthermore, the Federal Rules of Civil Procedure's liberal amendment rule permits a party who has not proved or even alleged that diversity exists to amend his pleadings even as late as on appeal, and if nothing appears to the appellate court that would bar jurisdiction, jurisdiction is deemed proper, despite the plaintiff's usual burden of alleging and proving jurisdiction. *Buethe v. Britt Airlines, Inc.*, 787 F.2d 1194 (7th Cir.1986). Such defective allegations of jurisdiction may be amended even after judgment has been entered and an appeal taken. 28 U.S.C. § 1653; *Strain v. Harrelson Rubber Co.*, 742 F.2d 888 (5th Cir.1984). We therefore grant MSI's request to supplement its complaint by asserting that it is a Minnesota corporation.

■ That does not end our inquiry, however. Country Companies, relying on the Second Circuit's opinion in *Baer v. United Services Automobile Ass'n*, 503 F.2d 393 (2d Cir.1974), argues that MSI is an unincorporated association having the citizenship of each of its members, at least one of whom must be an Illinois citizen, thereby destroying diversity jurisdiction. In *Baer,* the defendant claimed that it was a "reciprocal insurance association," a type of unincorporated association. Whether it should be considered a corporation for diversity purposes depended on state law. *Baer,* 503 F.2d at 395 (citing *United Steelworkers v. R.H. Bouligny, Inc.*, 382 U.S. 145, 86 S.Ct. 272, 15 L.Ed.2d 217); see also *Cote v. Wadel,* 796 F.2d 981, 983 (7th Cir.1986). The court concluded, after examining the relevant Texas statutes, that the defendant was an unincorporated association, in part because though Texas law "subjects both [reciprocal insurance associations and insurance corporations] to the same supervision of state insurance officials," *id.* at 394, it does not "intrude upon the traditional distinction drawn between [the two]," *id.* at 394–395.

---

**2.** In its answer, Country Companies admitted that MSI "was an insurance company with its principal place of buisness in St. Paul, Minneso-

ta" and "that MSI claims the jurisdiction is based on 28 U.S.C. § 1332" (Df.App. 76, 77).

Country Companies points to similarities between the Minnesota statutory scheme and that of Texas. But Country Companies overlooks the provisions of Minnesota law which provide that mutual insurance companies are incorporated under Minnesota law. Minn.Stat.Ann. § 66A.03. Thus, unlike the defendant in *Baer*, MSI is a corporation subject to Minnesota's corporation laws. Minn.Stat.Ann. § 66A.02. See *Cote*, 796 F.2d at 983 ("a corporation, is a corporation, is a corporation"). Accordingly, subject matter jurisdiction based on diversity of citizenship exists.

Having concluded that diversity jurisdiction does exist, we must examine the substantive issue in this case, namely, whether MSI had a duty to defend the underlying *Slimack* litigation against Country Companies. This case was decided below on a motion for partial summary judgment, in which MSI had the burden of establishing the lack of a genuine issue of material fact. *LaSalle Nat'l Bank v. General Mills Restaurant Group*, 854 F.2d 1050, 1052–53 (7th Cir.1988). In analyzing the relevant law applied below, significant deference must be given to the district judge's interpretation of the law of the state in which he sat. *Hartford Casualty Ins. Co. v. Argonaut–Midwest Ins. Co.*, 854 F.2d 279, 282 (7th Cir.1988). The parties here agree that the law of Illinois governs this dispute; therefore we need not address that issue further. *Bandag, Inc. v. Nat'l Acceptance Co. of America*, 855 F.2d 491, 493 n. 1 (7th Cir.1988).

█ On appeal, Country Companies asserts that as a matter of law, MSI has a duty to defend the *Slimack* litigation. Our main concern, however, is whether any genuine issues of material fact remain as to MSI's reservation of the right to bring a declaratory action. We need also address whether this reservation was superseded by either a subsequent agreement or by MSI's conduct in paying Country Companies' defense costs.

Under Illinois law, it is generally held that an insurer may be estopped from asserting a defense of noncoverage when the insurer undertakes to defend an action

against the insured. However, it is also the general rule that this undertaking must result in some prejudice to the insured. See *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 196, 355 N.E.2d 24, 29 (1976). In *Gibraltar Ins. Co. v. Varkalis*, 46 Ill.2d 481, 263 N.E.2d 823 (1970), the insurer filed an appearance on behalf of its insured in a wrongful death action. Fourteen months later, during which time the insurer had continued the exclusive representation of the insured, the insurer advised the insured that it was representing him under a reservation of rights. Significantly, the Illinois Supreme Court concluded that "[d]uring the interim [the insurer] acted on behalf of [the insured] as though no questions of policy coverage were involved, thus clearly causing him to wholly rely for his defense on the efforts of [the insurer]." 46 Ill.2d at 488, 263 N.E.2d at 827. Interpreting this language, this Court in *Northwestern Nat'l Ins. Co. v. Corley*, 503 F.2d 224, 229 (7th Cir.1974), decided that the quoted language implicitly required a showing of prejudice to the insured before estoppel is established. The Appellate Court of Illinois similarly construed *Gibraltar* in *Greater Chicago Auction, Inc. v. Abram*, 25 Ill.App.3d 667, 323 N.E.2d 818 (1st Dist. 1975).

Such a demonstration of prejudice, however, is not necessary here due to MSI's prior reservation of rights. The Illinois Appellate Court in *Tapp v. Wrightsman–Musso Ins. Agency*, 109 Ill.App.3d 928, 930, 65 Ill.Dec. 353, 355, 441 N.E.2d 145, 147 (4th Dist.1982), held that there would be no estoppel where an insurer, such as MSI, expressly reserved its rights and later sought a declaratory judgment. The record here fails to show that any subsequent agreement between the parties superseded MSI's reservation of right to withdraw from the defense of the *Slimack* litigation, and accordingly MSI is not estopped from seeking declaratory relief. The use of a declaratory judgment action in cases such as this has long been supported by Illinois courts, see, *e.g., Thornton v. Paul*, 74 Ill.2d 132, 159, 23 Ill.Dec. 541, 551, 384 N.E.2d 335, 345 (1978); *Sims v. Illinois Nat'l Casualty Co.*, 43 Ill.App.2d 184,

193 N.E.2d 123 (3d Dist.1963); Note, *Use of the Declaratory Judgment to Determine a Liability Insurer's Duty to Defend*, 41 Ind.L.J. 87 (1965), and we see no reason to prohibit it in the instant scenario.

MSI's payment of some of Country Companies' defense costs does not estop it from pursuing this declaratory relief. Insurance companies do not breach their requisite duties to defend when they bring suits for declaratory judgment even after first defending under a reservation of rights. *Pekin Ins. Co. v. Home Ins. Co.*, 134 Ill.App. 3d 31, 34, 89 Ill.Dec. 72, 479 N.E.2d 1078 (1st Dist.1985).

Having disposed of the estoppel claim, it is essential to examine the allegations set forth in the *Slimack* complaint, which determine the scope of MSI's duty to defend Country Companies. *Illinois Farmers Ins. Co. v. Preston*, 153 Ill.App.3d 644, 106 Ill. Dec. 552, 554, 505 N.E.2d 1343, 1345 (2d Dist.1987); *Maryland Casualty Co. v. Peppers*, 64 Ill.2d 187, 355 N.E.2d 24 (1976); *Grinnell Mutual Reinsurance Co. v. Frierdich*, 79 Ill.App.3d 1146, 35 Ill.Dec. 418, 399 N.E.2d 252 (5th Dist.1979). An insurer's duty to defend under a liability policy arises only if facts are set forth in the complaint that are within the coverage provided. *Conway v. Country Casualty Ins. Co.*, 92 Ill.2d 388, 65 Ill.Dec. 934, 442 N.E.2d 245 (1982); *Hawkeye Security Ins. Co. v. Hodorowicz*, 84 Ill.App.3d 948, 40 Ill.Dec. 445, 406 N.E.2d 146 (1st Dist.1980). Since an insurer need not defend a claim that falls outside of the policy coverage or is excluded, *Van Vleck v. Barbee*, 115 Ill. App.3d 936, 71 Ill.Dec. 537, 451 N.E.2d 25 (3d Dist.1983), we must look at whether the allegations of Slimack's complaint fall within the policy's coverage or within an exclusion from coverage.

■ Both insurance policies solely covered liability which arises out of an "occurrence," defined as "an accident ... which results in bodily injury or property damage ... neither expected nor intended from the standpoint of the insured." Similar policy language in other insurance cases has been construed so that intentional torts are deemed outside the scope of such an "oc-currence." For example, an assault was interpreted not to be an occurrence in the recent decision of *Bay State Ins. Co. v. Wilson*, 96 Ill.2d 487, 493–494, 71 Ill.Dec. 726, 728, 451 N.E.2d 880, 882 (1983).

Slimack's complaint claimed that Country Companies "knowingly" engaged in a scheme or "plan" to deprive the agents of their deserved compensation. When these agents objected, they were either fired or forced to resign. The complaint further alleged that the accounts procured by the agents were reassigned to their replacements. These actions by Country Companies supposedly were "knowingly wrongful, unlawful, and oppressive" in breaching the agency contract.

The allegations set forth in Slimack's complaint plainly predicate liability on a theory of intentional misconduct. In *Preston*, such a tortious breach of contract committed under a "plan or design" was held to be an intentional tort, one which the insurer had no duty to defend against absent any alternative claims of negligence. 153 Ill.App.3d at 651, 106 Ill.Dec. at 556, 505 N.E.2d at 1347. Similarly, the underlying action in this case falls outside the parameters of both the general liability and umbrella policies covering only unintentional torts.

After liberally construing the complaint in the underlying action, the district court refused to allow recovery under a theory of recklessness. This was based on the limiting word "expected" in MSI's policy. This reasoning was correct, for "[e]ven where the damages are not accomplished by design or plan (not intended), they may be of such a nature that they should have been reasonably anticipated (expected) by the insured." *Aetna Casualty & Surety Co. v. Freyer*, 89 Ill.App.3d 617, 620, 44 Ill.Dec. 791, 793, 411 N.E.2d 1157, 1159 (1st Dist. 1980). This Court recently recognized that an exclusion for "intended" or "expected" damages would be significantly broader than an exclusion for damages caused "intentionally by or at the direction of the insured." *Country Mutual Ins. Co. v. Duncan*, 794 F.2d 1211, 1215–1216 (7th Cir. 1986). Country Companies should certain-

ly have reasonably anticipated any accompanying financial loss and emotional distress caused by its actions to its agents.

The same rationale defeats Country Companies' argument that the former agents' complaint "is sufficiently broad to allow them to introduce evidence at trial which would establish negligent infliction of emotional distress" (Def.Br. 20–21). Slimack, et al., however, did not amend the complaint to include a negligence claim. Consequently, they are confined to an intentional tort theory at trial. *Stirs, Inc. v. Chicago,* 24 Ill.App.3d 118, 125, 320 N.E.2d 216, 220–221 (1st Dist.1974). Had Slimack and his fellow agents alternatively alleged intentional acts and negligence, MSI would have had to defend even though its "occurrence" policy prohibited coverage under intentional torts. See *State Security Ins. Co. v. Globe Auto Recycle Corp.,* 141 Ill. App.3d 133, 136–137, 95 Ill.Dec. 539, 541, 490 N.E.2d 12, 14 (1st Dist.1986). Yet as in *Preston,* MSI should be entitled to a declaratory judgment declaring no duty to defend when Slimack's complaint alleged non-covered intentional torts and contained no alternative negligence count, regardless of the potential for subsequent amendment. 153 Ill.App.3d at 649, 106 Ill.Dec. at 557, 505 N.E.2d at 1348.

■ Country Companies' final dispute regarding an alleged "conflict of interest" between it and MSI did not preclude the district court from declaring the respective rights of the parties. The purpose of MSI's suit was to establish whether the *Slimack* complaint alleged a covered loss. Unlike the authorities relied on by Country Companies, declaring the rights between insurer and insured here does not preempt decision of any factual issue in the underlying lawsuit. Accordingly, the district court's grant of partial summary judgment is affirmed.