87 F.3d 1326
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
WESTERN FARM CREDIT BANK, Plaintiff-Appellee,
v.
HAMAKUA SUGAR CO., Defendant,
and
Walter R. Schoettle, Defendant-Appellant.
 No. 94-16686.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 11, 1996.*
Decided June 17, 1996.
 
 Before: GOODWIN, PREGERSON and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Even though plaintiff's motion for summary judgment did not include "any evidence of the citizenship, domicile or even of the residence of any of the defendants," Blue Br. at 3, it was proper. See Fed.R.Civ.P. 56(a) ("A party seeking to recover upon a claim ... may ... move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.") (emphasis added); Celotex v. Catrett, 477 U.S. 317, 323-24 (1986). Defendant, in his response to plaintiff's motion, asserted that there was a factual dispute with regard to the existence of diversity jurisdiction because "[p]laintiff has not established the residence of any of the parties to this action". CR 319 at 1. He provided no evidence and pointed to no facts creating a factual dispute concerning diversity jurisdiction. Defendant's response was thus not adequate to defeat summary judgment. See Fed.R.Civ.P. 56(e) ("When a motion for summary judgment is made ..., an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.") (emphasis added); T.W. Elec. Serv. v. Pacific Elec. Contractors, 809 F.2d 626, 630 (9th Cir.1987).
 
 
 3
 Defendant asserts that the burden of proof concerning issues of jurisdiction lies with the party seeking to exercise jurisdiction in its favor. See Blue Br. at 5-6; McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189 (1936). While this may be true, defendant confuses the burden of proof with the burden of production. While the burden of proof at trial may lie with the plaintiff, the Federal Rules of Civil Procedure and case law clearly place the burden of production on summary judgment with defendant. See Lew v. Moss, 797 F.2d 747, 751 (9th Cir.1986).
 
 
 4
 Defendant argues that the plaintiff did not adequately plead diversity jurisdiction because its complaint only alleged the residency, and not citizenship, of some of the defendants. Plaintiff, however, has requested leave to amend its complaint to make the necessary allegations of citizenship. "Since the [jurisdictional] defect may be cured by amendment and nothing is to be gained by sending the case back for that purpose," we grant plaintiff's request. Realty Holding Co. v. Donaldson, 268 U.S. 398, 400 (1925); see 28 U.S.C. § 1653; Mutual Serv. Cas. Ins. Co. v. Country Life Ins. Co., 859 F.2d 548, 550 (7th Cir.1988).
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3