96 F.3d 1451
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
DELTA AIRLINES, Plaintiff-Appellant and Cross-Appellee,
v.
STATE FARM FIRE AND CASUALTY COMPANY, Defendant-Appellee and
Cross-Appellant.
 No. 95-35706, 95-35759.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 6, 1996.
Decided Sept. 9, 1996.
 
 Before: GOODWIN, BRUNETTI, and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Delta Airlines, Inc. ("Delta") brings this lawsuit under rights obtained from Ronald Downey, a former insured of State Farm Fire & Casualty Co. ("State Farm"). Delta alleges that State Farm breached its duty to defend and indemnify Downey in an action brought by Delta. The district court granted summary judgment for State Farm, finding that Downey knew about Delta's claim at the time Downey purchased his policy and that this knowledge relieved State Farm of any policy obligations under a "loss-in-progress" theory. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm the judgment of the district court on alternative grounds.
 
 
 3
 The parties raise several arguments concerning the district court's application of the loss-in-progress defense to the facts of this case. We need not consider these arguments, nor need we consider Delta's argument that State Farm is estopped from asserting the loss-in-progress defense, because we find that State Farm was relieved of both its duty to indemnify and its duty to defend through the application of Business Liability Exclusion 16(b).
 
 
 4
 Downey's policy required State Farm to cover losses resulting from "advertising injury." Several of Delta's claims--including unfair competition and commercial disparagement--conceivably fall under this heading. If they do, however, Business Liability Exclusion 16(b) of Downey's policy omits coverage for advertising injury "arising out of oral or written publication of material whose first publication took place before the beginning of the policy period." Here, any "advertising injury" committed by Downey began with publication before the policy took effect.
 
 
 5
 In opposition to State Farm's assertion[1] that Exclusion 16(b) relieved State Farm of any obligation under the policy, Delta's only argument[2] is that, pursuant to Afcan v. Mutual Fire, Marine, and Inland Ins. Co., 595 P.2d 638 (Alaska 1979), the exclusion could not have relieved State Farm of its duty to defend because facts necessary to establish the exclusion's application (i.e. the date of first publication) were not alleged in the underlying complaint. However, while Afcan stands for the general proposition that an insurer must defend any complaint alleging facts within the coverage of the policy, we conclude that the Alaska Supreme Court would follow sound authority allowing an insurer to rely on extrinsic facts to prove that coverage is unavailable when the complaint is silent as to the existence of those facts and when the facts will not be determined in the underlying action. See, e.g., Western Heritage Ins. Co. v. River Entertainment, 998 F.2d 311, 314-15 (5th Cir.1993) (interpreting Texas law); Millers Mut. Ins. Ass'n v. Ainsworth Seed Co., 552 N.E.2d 254, 256 (Ill.App.1989); Burd v. Sussex Mutual Ins. Co., 267 A.2d 7, 9-10 (N.J.1970); B. Ostranger & T. Newman, Handbook on Insurance Coverage Disputes § 5.02[b] at 157-61 (8th ed. 1995).
 
 
 6
 In Afcan, the factual issue upon which coverage depended was whether the insured was being sued in his capacity as a real estate agent or as a trustee, a fact material to the merits of the underlying claim. Afcan, 595 P.2d at 641-42, 646. Because the amended complaint alleged that the insured had acted negligently as a real estate agent, thus bringing the claim within the coverage of the policy, the court held that the insurer had a duty to defend and could not rely on extrinsic evidence to prove that there would ultimately be no coverage. Id. at 646. In so doing, the court relied on the language of the policy itself, which required the insurer to defend "even if any of the allegations of the suit are groundless, false, or fraudulent." Afcan, 595 P.2d at 641, 644, 645.
 
 
 7
 In contrast, the underlying complaint in this case does not allege that the first offending publication occurred within the policy period; the complaint is silent on the coverage issue. State Farm, therefore, is not asserting that any of the allegations in the complaint "are groundless, false, or fraudulent." In such a circumstance, we see no reason for requiring the insurer to defend the underlying lawsuit to its conclusion and then institute a separate action seeking to establish the absence of coverage based on facts collateral to the original action. Because the uncontroverted facts demonstrate that the underlying complaint fell within Exclusion 16(b), State Farm did not breach its duty to defend or its duty to indemnify and the district court properly granted summary judgment for State Farm on Delta's claims.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 We note that, while State Farm raised this argument in a cross-appeal, it need not have done so. See Nelson, Goelz & Watts, Rutter Group Practice Guide: Federal Ninth Circuit Civil Appellate Practice § 1:236 (The Rutter Group 1995) ("A cross-appeal is required only when an appellee wants a substantive change in the district court judgment. A prevailing party need not file a cross-appeal in order to correct errors in the district court's reasoning or preserve alternative grounds for affirming the judgment....")
 
 
 [2]
 Delta halfheartedly argues that Exclusion 16(b) cannot apply as a matter of fact because "Downey denied any of the wrongful conduct alleged by Delta in its complaint" and because "State Farm did not produce adequate proof ... that a specific personal or advertising injury in fact arose out of an oral or written publication before the beginning of the policy." Delta Airlines' Reply and Cross-Appellee Brief at 29. However, the uncontroverted facts establish that if Downey was liable for a personal or advertising injury, the first oral or written publication giving rise to such injury occurred well before the inception of the policy