ALICE McCALL, Plaintiff-Appellee, *v.* NATIONAL LIFE & ACCIDENT INSURANCE COMPANY, Defendant-Appellant.

First District (1st Division)    No. 80-1075

Opinion filed April 27, 1981.

Groble & Groble, Ltd., and John E. Kelly, both of Chicago, for appellant.

Charles T. Booher, Jr., of Chicago, for appellee.

Mr. JUSTICE McGLOON delivered the opinion of the court:

Plaintiff brought an action to recover accidental death benefits under an insurance policy issued by defendant insurance company on the life of her son. The trial court entered judgment in favor of plaintiff and awarded her $5,000 under the accidental death benefits provision.

On appeal, defendant argues that the trial court erred in awarding plaintiff $5,000 under the accidental death benefits provision because: (1) the insured's death was not accidental, and (2) at the time of his death, the insured was engaged in the commission of a felony.

We affirm.

Alice McCall (plaintiff) was the beneficiary of an insurance policy on the life of her son Harold McCall (the insured). The policy was issued by the National Life & Accident Insurance Company (defendant) and was in effect on March 12, 1976, the day on which the insured died as the result of a gunshot wound.

The facts surrounding the insured's death were stipulated to by the parties. On March 12, 1976, Walter Boykin agreed to meet with the insured's brother, Alvin McCall (Alvin) and Harold McCall to recover payment for a citizen's band radio which he believed Alvin had stolen from him. An argument ensued between Boykin and Alvin. Boykin struck Alvin with the butt of a pistol. As Boykin was backing away from Alvin, the insured jumped on Boykin's back. Boykin hit the insured on the head with the pistol. The pistol discharged. The bullet struck the insured in the chest, killing him.

The face amount of the insurance policy involved was $5,000. This amount was paid to plaintiff. Plaintiff claimed that she was entitled to an additional $5,000 under the following provision contained in the insurance policy:

"NON-VEHICLE ACCIDENT. If the death of the insured results directly and independently of all other causes from bodily injuries effected solely through external, violent and accidental means and if the insured sustains said injuries after his first birthday and before his seventieth birthday and dies within 90 days from the date on which the injuries were sustained, then, subject to the conditions and limitations herein stated the non-vehicle accident benefit shall be payable."

Defendant first contends that the insured's death was not accidental and plaintiff, therefore, is not entitled to recover an additional $5,000 under the accidental death benefits provision of the life insurance policy.

■■ As a general rule, when a person voluntarily engages in a fight or initiates an assault, his resulting injury or death is not accidental if it is the natural and probable result of his conduct. (See *Cory v. Woodmen Accident Co.* (1928), 333 Ill. 175, 164 N.E. 159; *Macklin v. Commonwealth Life & Accident Co.* (1970), 121 Ill. App. 2d 119, 257 N.E.2d 256; *Wylie v. Union Casualty & Life Insurance Co.* (1957), 15 Ill. App. 2d 448, 146 N.E.2d 377.) Illustrative of this well-established principle is *Cory v. Woodmen Accident Co.* (1928), 333 Ill. 175.

In *Cory*, the insured quickly advanced upon a youth who had a gun in his trouser pocket. The latter warned the insured to stand back or he would shoot him. The insured continued to advance and grabbed the youth by the neck. As the insured grabbed the youth by the neck, the youth drew the gun from his pocket and fired to one side of the insured. The insured tightened his grip and the youth then fired a second shot, causing the fatal injury to the insured.

The insured's insurance policy contained an accidental death benefits provision similar to the provision involved in the case at bar. The Illinois Supreme Court found that under the circumstances, the insured should have known that if he continued to advance on the armed youth, there was a strong possibility that he would be injured. Hence, the shooting of the insured was not an accident, and there could be no recovery under the accidental death benefits provision. 333 Ill. 175, 182.

■■ Whether or not an insured's death is accidental is a factual question to be answered in light of the circumstances of each individual case. (See *Wylie v. Union Casualty & Life Insurance Co.* (1957), 15 Ill. App. 2d 448, 146 N.E.2d 377.) *Cory* involved a face-to-face confrontation between the insured and the armed person. Despite the fact that the insured had been warned that he would be shot, he continued to advance. Clearly, under the previously stated general rule, the insured in *Cory* was the initiator of the assault.

■■ In our opinion, the general rule is inapplicable to the unique factual situation in the instant case. Unlike the insured in *Cory*, the insured here

was a person coming to the aid of his brother who was being attacked. Defendant correctly points out that the insured's reasons for intervening were not included in the stipulated facts. We agree with the trial court, however, that the only logical inference is that he was coming to the aid of his brother. Society's interests would not be served by discouraging persons from intervening in situations such as the one involved in this case. We find that the insured's death was accidental and that plaintiff, therefore, was properly awarded an additional $5,000 under the accidental death benefits provision of the life insurance policy.

Second, defendant contends that since the insured was engaged in the commission of a felony at the time of his death, his beneficiary cannot recover under the accidental death benefits provision. We find no merit in this contention. It has long been established that under certain circumstances, a third person may be justified in using force against another to defend a friend or relative. (See *People v. Spranger* (1924), 314 Ill. 602, 145 N.E. 706; *People v. Hill* (1977), 53 Ill. App. 3d 280, 368 N.E.2d 714.) As we have already stated, we feel that when the insured came to the assistance of his brother, he was justified in doing so.

For the foregoing reasons, we affirm the judgment of the circuit court of Cook County.

Judgment affirmed.

O'CONNOR and CAMPBELL, JJ., concur.