ILLINOIS FARMERS INSURANCE COMPANY, Plaintiff-Appellee and Counterdefendant-Appellee, v. BEATRICE PRESTON *et al.*, Defendants-Appellants (Robert L. Kufalk *et al.*, Defendants-Appellees; Beatrice Preston, Counterplaintiff-Appellant).

Second District No. 2—86—0445

■■■■■

Opinion filed March 19, 1987.

Edward M. Maher, of Clark, McGreevy & Johnson, of Rockford, for appellants.

Robert J. Shaw, of Tuite, Shaw, Gesmer, Finnegan & Tuite, of Rockford, for appellees.

JUSTICE WOODWARD delivered the opinion of the court:

Defendant, Beatrice Preston, was named defendant in *Kufalk v. Hart* (N.D. Ill. 1985), 610 F. Supp. 1178, in the Federal District Court for the Northern District of Illinois; that Federal action was pending at the time the present suit was filed.

The defendant, Preston, tendered her defense in the Federal court action to her insurer, the plaintiff herein, Illinois Farmers Insurance Company (hereinafter IFIC). IFIC contended that the defendant was not covered under her homeowner's policy, refused to defend, and filed this action for declaratory judgment. The circuit court of Winnebago County granted summary judgment for IFIC.

The plaintiff in the Federal suit, Robert Kufalk, filed a four-count complaint against the defendant, Preston, and others. The counts were set forth as follows:

(1) "DEPRIVATION OF RIGHTS UNDER 42 USC SEC. 1983"

(2) "MALICIOUS INTERFERENCE WITH EMPLOYMENT RELATIONSHIP"

(3) "PUNITIVE DAMAGES"

(4) "BREACH OF EMPLOYMENT RELATIONSHIP."

The incident giving rise to these claims was the alleged wrongful dismissal of Mr. Kufalk as administrator of the Barbara Olson School of Hope (hereinafter BOSH), an organization serving developmentally disabled adult clients with mental disabilities. In his complaint, Kufalk names Beatrice Preston as a defendant in her capacity as a member of the education committee of BOSH. He alleged in part that the defendant Preston entered into a conspiracy with other school and State officials to "injure plaintiff in his employment" and to deprive Mr. Kufalk of "rights secured to him under the First, Fourth, and Fourteenth Amendments to the Constitution of the United States." The defendant is alleged to have made certain "false, misleading and pretextual statements" that led to Kufalk's dismissal. Also in his deposition, Kufalk testified to having suffered severe emotional distress and high blood pressure, in addition to three personal injuries allegedly attributable to the circumstances of his wrongful discharge.

The defendant, in turn, submitted her defense to the plaintiff herein, IFIC, pursuant to her homeowner's policy of insurance. The defendant contended that she was entitled to a defense by the insurance company under her liability coverage for personal injury. The plaintiff insurer points out that there is a specific exclusion in the policy regarding the intentional acts of the insured. Further, plaintiff

notes that only bodily injury arising from an accident is covered and asserts that defendant's conduct in the Kufalk case cannot be construed to be an accident. The trial court found for the plaintiff, holding that Kufalk's firing was not covered because it fell within the "intentional acts" exclusionary clause of the defendant's homeowner's policy and granted summary judgment for the plaintiff insurer.

On appeal, the defendant raises two issues: (1) whether the court erred in its construction of the insurance policy; and (2) whether it was improper for the court to adjudicate the rights of the parties to the insurance contract before the Federal suit against the defendant brought by Kufalk had been resolved.

■■ ■ The allegations set forth in a complaint determine the duty to defend. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187; *Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146.) An insurer's duty to defend under a liability policy arises only if facts are set forth in the complaint that are within the coverage provided. (*Conway v. Country Casualty Insurance Co.* (1982), 92 Ill. 2d 388; *Hawkeye Security Insurance Co. v. Hodorowicz* (1980), 84 Ill. App. 3d 948.) Since an insurer need not defend a claim that falls outside of the policy coverage or is excluded (*Van Vleck v. Barbee* (1983), 115 Ill. App. 3d 936; *Dorre v. Country Mutual Insurance Co.* (1977), 48 Ill. App. 3d 880), we must look at whether the allegations of Kufalk's complaint fall within the policy's coverage or an exclusion from coverage.

The defendant, Preston, allegedly in concert with other school officials, made statements at a meeting of the board of directors indicating plaintiff had misused State funds. In addition, defendant supposedly claimed to have heard a State official with the Illinois Department of Mental Health and Developmental Disabilities call Kufalk a "bad administrator." Kufalk contends that the defendant, Preston, knew or should have known upon reasonable inquiry that these statements were false, misleading, and pretextual.

■■ The homeowner's policy herein at issue provides liability coverage for accidental bodily injury. IFIC argues that the allegations in Kufalk's complaint concerning the defendant Preston's actions do not constitute an accident within the terms of this policy. Under the policy, accident is defined as:

> "a sudden event; including continuous or repeated exposure to the same conditions, resulting in bodily injury neither expected nor intended by the insured."

The term "accident" as used in insurance policies has been defined as an unforeseen, unexpected occurrence without design or intent.

(*Wahls v. Aetna Life Insurance Co.* (1983), 122 Ill. App. 3d 309; *Aetna Casualty & Surety Co. v. Freyer* (1980), 89 Ill. App. 3d 617.) The concept of accidental bodily injury presupposes that the injury naturally and probably followed from the acts of the insured. *Russell v. Metropolitan Life Insurance Co.* (1982), 108 Ill. App. 3d 417; *Macklin v. Commonwealth Life & Accident Co.* (1970), 121 Ill. App. 2d 119.

In the present case, the trial court granted summary judgment for the insurer, finding that no issues of fact existed and ruling that the defendant, Preston, was not entitled to a defense under the policy. The function of this court on review of the trial court's entry of summary judgment is to correctly determine whether the trial court ruled that no genuine issue of material fact had been raised for trial. (*Bauer v. City of Chicago* (1985), 137 Ill. App. 3d 228; *Rambert v. Advance Construction Co.* (1985), 134 Ill. App. 3d 155.) Even if the facts are undisputed, if fair-minded persons could draw different inferences from the facts, summary judgment is inappropriate. (*Comastro v. Village of Rosemont* (1984), 122 Ill. App. 3d 405; *Federal Deposit Insurance Corp. v. Maris* (1984), 121 Ill. App. 3d 894.) In its assessment of whether or not summary judgment is appropriate, the trial court should look to all pleadings, depositions, admissions, and affidavits on file. (*Miller v. Verson Allsteel Press Co.* (1984), 126 Ill. App. 3d 935; *Lower v. Lanark Mutual Fire Insurance Co.* (1983), 114 Ill. App. 3d 462.) In determining whether an insured's injury was an accident, *i.e.*, whether it was unintended and unforeseen, the courts have looked to whether the injury was the natural and probable result of the insured's conduct. (*Yates v. Banker's Life & Casualty Co.* (1953), 415 Ill. 16; *March v. Metropolitan Life Insurance Co.* (1979), 70 Ill. App. 3d 790.) Whether the consequences of an insured's conduct are foreseeable is essentially a factual determination to be made by the trier of fact based upon the evidence in each individual case. *McCall v. National Life & Accident Insurance Co.* (1981), 95 Ill. App. 3d 737; *Macklin v. Commonwealth Life & Accident Co.* (1970), 121 Ill. App. 2d 119; *Wylie v. Union Casualty & Life Insurance Co.* (1957), 15 Ill. App. 2d 448.

Kufalk's complaint alleged damage from statements of the defendant, Preston, acting in her capacity as a member of the education committee of BOSH, because she knew or should have known upon reasonable inquiry that such statements would cause him injury. Further, Kufalk's deposition testimony consisted in part of injuries he supposedly suffered, in particular severe emotional distress and high blood pressure, linked to his discharge by his physician. Since

based upon this evidence and consistent with the liberal interpretation to be accorded the term "accident" in construing insurance coverage (see, *e.g., Marsh v. Metropolitan Life Insurance Co.* (1979), 70 Ill. App. 3d 790; *Associated Indemnity Co. v. Insurance Co. of North America* (1979), 68 Ill. App. 3d 807), we believe it would have been possible for a fair-minded person to infer that Kufalk's alleged injuries were not the natural and probable result of the insured Preston's conduct.

IFIC also argues that even if the result of the insured's conduct could be found to be accidental, the insured's conduct clearly is excluded by the policy provision that specifically excludes coverage for bodily injury "[a]rising as a result of intentional acts of an insured." An insurer must defend an insured if there are allegations that are within coverage, or more importantly, even if only potentially within policy coverage. (*Maryland Casualty Co. v. Peppers* (1976), 64 Ill. 2d 187; *La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446.) The duty to defend is much broader than the duty to indemnify. (*La Rotunda v. Royal Globe Insurance Co.* (1980), 87 Ill. App. 3d 446.) However, in both *Peppers* and *La Rotunda,* cases cited by the defendant, there were counts expressly alleging negligence. Such is not the case here.

The only claim alleged by the defendant to be within the policy's coverage was the combination of two paragraphs, read together, in count I of Kufalk's complaint. Those paragraphs sought recovery based upon:

"3. \*\*\* damages \*\*\* pursuant to laws and statutes of the State of Illinois providing liability for tortious conduct and breach of contract. \*\*\*.

25. Defendants NORDQUIST and PRESTON knew or should have known upon reasonable inquiry that their said statements of May 20, 1983 were false, misleading and pretextual \*\*\*."

These paragraphs are included under count I, which alleges a violation of Kufalk's civil rights under Federal statutory law and the United States Constitution. There is no count for negligence in Kufalk's complaint.

The statement "damages pursuant to the laws and statutes of Illinois \*\*\* for tortious conduct" is purely a conclusion and is wholly insufficient to establish any allegation of negligence, even under the liberalized notice pleading requirements of the Federal judicial system. Such a statement serves no greater purpose than to indicate that one is proceeding under the laws of the State of Illinois. The

Federal Rules of Civil Procedure require "a plain and short statement of the claim showing that the pleader is entitled to relief." (Fed. R. Civ. P. 8(a)(2).) Those same rules also state that the complaint shall be "simple, concise and direct." (Fed. R. Civ. P. 8(e)(1).) Although the pleading requirements are less stringent than those in Illinois courts, in Federal court a party must still compose his complaint so as to give notice to the other party of the substance of his allegations. (*Chicago Painters & Decorators Pension, Health & Welfare, & Deferred Savings Plan Trust Funds v. Karr Brothers, Inc.* (7th Cir. 1985), 755 F.2d 1285; *Williams v. Adams* (N.D. Ill. 1985), 625 F. Supp. 256.) A party must include the operative facts upon which their claim is based. (*Rodgers v. Lincoln Towing Service, Inc.* (7th Cir. 1985), 771 F.2d 194; *Advance Labor Service, Inc. v. Hartford Accident & Indemnity Co.* (N.D. Ill. 1973), 353 F. Supp. 666.) An intent to proceed pursuant to the laws of Illinois gives no notice of the substance of a party's allegations.

■ After Kufalk labels his count I "DEPRIVATION OF RIGHTS UNDER 42 USC SEC. 1983," he sets forth the substance of his allegations in count I in the 22 paragraphs of count I that follow paragraph 3 but precede paragraph 25. Paragraph 25 is that single allegation, that the defendant "knew or should have known upon reasonable inquiry" that her statements were false and misleading, which defendant claims sounds in negligence such that IFIC ought to be required to defend her. However, count I seeks recovery based upon the deprivation of Kufalk's civil rights under section 1983 of the United States Code. There is no remedy available in a section 1983 action which is based upon the mere negligence of the defendant's resulting in a violation of the plaintiff's protected rights. See, e.g., *International Society for Krishna Consciousness, Inc. v. City of Evanston* (1980), 89 Ill. App. 3d 701.

■ Even though the complaint does include in its third paragraph a claim for "damages pursuant to laws and statutes of the State of Illinois providing liability for tortious conduct and breach of contract," the subsequent 22 paragraphs leading up to the allegation of defamation against the defendant in paragraph 25 expressly indicate Kufalk's reliance upon a conspiracy theory. Further, and consistent with this theory of conspiracy among several State officials, including the defendant Preston, the defendant Preston is sued only in her capacity as a member of the education committee of defendant BOSH. The insurer, IFIC, correctly points out that a civil conspiracy is based upon intentional activity, having been defined by the courts as involving "a combination of two or more persons for the purpose

of accomplishing, through concerted action, either an illegal object or a legal object by illegal means." (*Dymek v. Nyquist* (1984), 128 Ill. App. 3d 859, 866; see also *Daley v. G'Sell* (1981), 102 Ill. App. 3d 548.) To be in *concert* is defined as "agreement in a plan, or design; union formed by such agreement." (The Oxford Universal Dictionary 361 (1955).) Such plan or design obviously requires intentional involvement of the conspirator and would thereby plainly fall within the "intentional acts" exclusion in this insurance policy.

Although Kufalk has included three other counts in his complaint, the defendant, Preston, does not argue that any of the allegations contained in those three counts serve to raise issues that would invoke the insurer's duty to defend.

The insurer can justifiably refuse to defend where the allegations of the complaint clearly show on its face that the claim does not fall within or is excluded from coverage. (*Associated Indemnity Co. v. Insurance Co. of North America* (1979), 68 Ill. App. 3d 807.) Therefore, we find that IFIC had no duty to defend Preston and that the trial court properly granted summary judgment for IFIC.

■ The defendant, Preston, also asserts that, even if the complaint in its present form does not invoke the duty of IFIC to defend, this declaratory judgment action is premature. She contends that an adjudication of IFIC's duty to defend, prior to resolution of the Federal action involving the defendant, would serve to invoke the doctrine of *res judicata* and bar any future action by the defendant to compel IFIC to defend in the event that Kufalk amended his complaint to include a count for negligence against the defendant. We emphasize that at least one court has concluded the declaratory judgment action on the issue of coverage without waiting for the conclusion of the underlying lawsuit where the underlying suit sets forth only allegations of intentional conduct. *Badger Mutual Insurance Co. v. Murry* (1977), 54 Ill. App. 3d 459.

The defendant relies upon the decision in *Grinnel Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146, for this proposition. However, this case is distinguishable from the *Grinnell* decision. In *Grinnell*, the appellate court held that a finding by the trial court in a declaratory judgment action that a certain injury was intentional and, therefore, excluded by an explicit clause in the policy of insurance was premature because it could possibly establish the allegations of the assault count in the complaint. (*Grinnell Mutual Reinsurance Co. v. Frierdich* (1979), 79 Ill. App. 3d 1146.) The court found that such a determination might preclude the injured party's right to recover under the other theories alleged.

In the present case, no such problem exists. The trial court in this matter proposed to limit its ruling to the facts before it, *i.e.*, the allegations as they were then set forth in Kufalk's complaint. Nothing in the court's ruling would serve to determine any of the merits in the Federal court action, as the ruling of the trial court in *Grinnell* had, or adjudicate the duty of IFIC to defend if Kufalk's complaint were amended to include a count for negligence against the defendant Preston. A new count in Kufalk's complaint alleging negligence would constitute a new cause of action. Even though two lawsuits may involve the same parties or the same factual situation, the doctrine of *res judicata* is only applicable when the two lawsuits involve the same cause of action. *Fountas v. Breed* (1983), 118 Ill. App. 3d 669.

Accordingly, based upon the pleadings presently pending in the Federal district court, the judgment of the circuit court of Winnebago County granting summary judgment to Illinois Farmers Insurance Company is hereby affirmed, and we find that said insurance company is under no duty to defend Beatrice Preston in the Federal court action pending against her.

Affirmed.

LINDBERG, P.J., and INGLIS, J., concur.