**WALSH CONSTRUCTION COMPANY OF ILLINOIS, an Illinois corporation, Plaintiff–Appellant,**

v.

**NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PENNSYLVANIA, Defendant–Appellee.**

No. 97–3059.

United States Court of Appeals, Seventh Circuit.

Argued Feb. 17, 1998.

Decided Sept. 2, 1998.

Raymond A. Fylstra (argued), Ellen M. Chapelle, Kubasiak, Cremieux, Fylstra, Reizen & Rotunno, Chicago, IL, for Plaintiff–Appellant.

William G. Stone, James R. Branit (argued), Bullaro, Carton & Stone, Chicago, IL, for Defendant–Appellee.

Before CUMMINGS, CUDAHY, and EASTERBROOK, Circuit Judges.

CUDAHY, Circuit Judge.

This case is yet another reminder that litigants who try again after losing in state court are likely to encounter the doctrines of claim preclusion, issue preclusion or both. In 1988, Walsh Construction Company of Illinois built a 279–unit apartment complex in Lombard, Illinois. After a severe thunderstorm in October 1990, water leaked into the complex and damaged several units. Walsh notified its insurer, National Union Fire Insurance Company of Pittsburgh, Pennsylvania. In August 1991, National Union filed suit in Illinois state court, seeking a declaration that it had no duty to indemnify Walsh for the damage to the Lombard apartment complex. In January 1992, the owner of the complex filed suit against Walsh. The construction company tendered the defense to National Union, who agreed to defend Walsh under a full reservation of rights. National Union then amended its complaint in the declaratory judgment action to reflect the existence of the apartment owner's suit. In July 1995, the Illinois circuit court granted National Union's motion for summary judgment and declared, "National Union [has] no duty to indemnify Walsh and no further duty to defend Walsh in the underlying litigation, otherwise known as *Lombard, et al. v. Walsh, et al.*, 92 L 137, in the Circuit Court of DuPage County." Circuit Court Order of 7/13/95 at 2. Walsh appealed to the Illinois Appellate Court.

When National Union moved for summary judgment, the apartment owner's First Amended Complaint was before the circuit court in the underlying action. Count I of the First Amended Complaint alleged that Walsh had breached the original construction contract and a subsequent remedial agreement. Count II of the First Amended Complaint (which is irrelevant for our purposes) sought damages against the surety on the performance bond.

After summary judgment had been entered in favor of National Union in its declaratory judgment action, but before the parties began the briefing of Walsh's appeal to the Illinois Appellate Court, the apartment owner filed a Third Amended Complaint in the underlying action.[1] The first and second counts of this complaint were identical to the counts in the First Amended Complaint. But the Third Amended Complaint also included, in relevant part, a count alleging that Walsh had breached a duty of due care.

In December 1995, Walsh sent a letter and a copy of the Third Amended Complaint to National Union, and explained that it was "re-tendering" defense of the underlying action. National Union declined to accept the tender and explained:

> The reasons for this declination include the fact that the trial court has already determined by way of summary judgment that National Union does not owe any further defense or indemnity obligation to Walsh for the captioned matter. Furthermore, you have taken an appeal from that ruling, and therefore the matter is now before the appellate court.

1. Presumably the apartment owner had previously filed a Second Amended Complaint, although neither Walsh nor National Union addresses this point.

National Union Letter of 1/31/96. In August 1996, the Illinois Appellate Court affirmed the circuit court's declaratory judgment. The Illinois Supreme Court refused to hear Walsh's appeal.

Walsh then settled the underlying action and filed suit in federal district court, alleging that National Union breached its duty to defend and indemnify against the allegations of the Third Amended Complaint. National Union made a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that claim and issue preclusion barred Walsh's suit. The district court treated National Union's motion as a request for summary judgment, *see* Fed.R.Civ.P. 12(b), found that issue preclusion applied, and did not reach the question of claim preclusion. We review this grant of summary judgment de novo. *See Roboserve, Inc. v. Kato Kagaku Co.*, 121 F.3d 1027, 1034 (7th Cir.1997). And, as will become clear, we take an approach different from that of the district court: we find that Walsh's suit is barred by claim preclusion and do not reach the question of issue preclusion.

 Since an Illinois court issued the declaratory judgment, we look to the law of that state to determine whether claim preclusion (res judicata) bars Walsh's claim. *See Whitaker v. Ameritech Corp.*, 129 F.3d 952, 955 (7th Cir.1997); 28 U.S.C. § 1738. Under Illinois law, res judicata applies when (1) there was a final judgment on the merits by a court of competent jurisdiction; (2) there is an identity of cause of action; and (3) there is an identity of parties or their privies. *See id.*; *Rein v. David A. Noyes & Co.*, 172 Ill.2d 325, 216 Ill.Dec. 642, 665 N.E.2d 1199, 1204 (1996). Further, claim preclusion applies to issues that were actually decided or could have been decided in the original suit. *See Whitaker*, 129 F.3d at 956; *Rein*, 216 Ill.Dec. 642, 665 N.E.2d at 1204. This is "tantamount to a rule requiring parties to consolidate all closely related matters into one suit," *Hagee v. City of Evanston*, 729 F.2d 510, 514 (7th Cir.1984), and therefore serves the interest of judicial economy by preventing piecemeal litigation.

 Walsh and National Union present themselves as disputing whether Walsh's federal suit involves the same cause of action as the case decided in the state court. *See, e.g.*, Appellee's Br. at 23. Interestingly, however, neither party discusses the "same evidence test" or the "transactional test"-the two methods that Illinois uses to determine when cases involve the same cause of action. *See Whitaker*, 129 F.3d at 956; *Rodgers v. St. Mary's Hosp. of Decatur*, 149 Ill.2d 302, 173 Ill.Dec. 642, 597 N.E.2d 616, 621 (1992). Perhaps this is because the disagreement between the parties is more accurately described as a dispute over whether Walsh could have resolved the issues surrounding the Third Amended Complaint in the state court proceeding. Indeed, the crux of Walsh's argument against the application of res judicata is that "[i]n the present case, the Third Amended Complaint creates a new cause of action against National Union because it raises new issues triggering National Union's duty to defend, *which could not have been litigated in the earlier action* because the Third Amended Complaint had not been filed." Reply Br. at 12 n. 6 (emphasis added). National Union, on the other hand, stresses that "Walsh could have and should have raised *in the state courts* the issue it seeks to raise" in federal court. Appellee's Br. at 29 (emphasis in original). Thus the question we confront on appeal is whether Walsh had a prior opportunity to argue that the negligence count in the Third Amended Complaint triggered National Union's duty to defend and indemnify.

As the quotation from its reply brief suggests, Walsh emphasizes that the Third Amended Complaint was not filed until after the Illinois circuit court announced a declaratory judgment in favor of National Union. But we fail to see why this prevented Walsh from pursuing the issues surrounding the complaint in state court. Recall that Walsh's federal suit asks us to ignore a declaratory judgment that fits this case like a glove: "National Union [has] no duty to indemnify Walsh and no further duty to defend Walsh *in the underlying litigation, otherwise known as Lombard, et al. v. Walsh, et al. ....*" Circuit Court Order of 7/31/95 at 2 (emphasis added). In its appeal to this court, Walsh asserts that claim preclusion is inapplicable and then advances several reasons why the Third Amended Complaint trig-

gers National Union's duty to defend and indemnify. If Walsh is right about the effect of the Third Amended Complaint (and this is something we do not decide), the Illinois circuit court issued a declaratory judgment that is too broad.

As we see it, Walsh had at least two opportunities to address the breadth of the declaratory judgment and its effect on the Third Amended Complaint. Illinois makes post-judgment relief available on many grounds, generally for two years after entry of the circuit court's judgment. *See* 735 Ill. Comp. Stat. Ann. 5/2–1401; *Lubbers v. Norfolk & Western Ry. Co.*, 105 Ill.2d 201, 85 Ill.Dec. 356, 473 N.E.2d 955, 959 (1984); *cf.* Fed. R.Civ.P. 60(b); *Homola v. McNamara*, 59 F.3d 647, 650 (7th Cir.1995). And the Illinois rule governing post-judgment relief has been interpreted to allow consideration of events that occurred subsequent to judgment. *See, e.g., Hopkins v. Holt*, 194 Ill.App.3d 788, 141 Ill.Dec. 407, 551 N.E.2d 400, 405–06 (1990). *But* see *Chovan v. Floor Covering Assocs.*, 159 Ill.App.3d 447, 111 Ill.Dec. 412, 512 N.E.2d 801, 803 (1987). There is, of course, the theoretical possibility that the Illinois circuit court may have refused to reconsider its judgment. But this case does not require us to decide the effect that such a refusal would have on res judicata. Here the point is that Walsh could have sought relief from the judgment, but failed to do so. Accordingly, the Illinois circuit court was never given the chance to revisit its prior judgment.

Moreover, Walsh—which became aware of the new complaint before the briefing of its appeal to the Illinois Appellate Court—could have argued on appeal that the declaratory judgment was too broad, as evidenced by the Third Amended Complaint. Indeed, Walsh made a passing reference to the new complaint in the brief it ultimately filed with the Illinois Appellate Court. In noting that the circuit court granted National Union's motion for summary judgment when the underlying plaintiffs temporarily abandoned their negligence theory,[2] Walsh explained:

> The negligence theory was always available to the [apartment owner] and has been a part of the underlying complaint for

most of the history of the case. In fact, subsequent to the trial court's decision on National Union's Motion for Summary Judgment, the underlying plaintiffs again amended their complaint to reinstate their claim for negligence.

State Appellant's Br. at 13 n. 6. We do not know whether Walsh decided to hold back with respect to the Third Amended Complaint in the hope that it could start from scratch in federal court or for some other reason, or whether the failure to address the breadth of the declaratory judgment was an oversight. But, regardless, because Walsh did not address the Third Amended Complaint when it had the opportunity to do so, Walsh cannot ask us to deny the state court's conclusion that National Union has no duty to indemnify or defend Walsh in the underlying litigation.

Walsh cites *Millers Mutual Insurance Association of Illinois v. Ainsworth Seed Co.*, 194 Ill.App.3d 888, 141 Ill.Dec. 886, 552 N.E.2d 254, 257–58 (1989), and *Illinois Farmers Insurance Co. v. Preston*, 153 Ill. App.3d 644, 106 Ill.Dec. 552, 505 N.E.2d 1343, 1348 (1987), in support of its contention that claim preclusion is inapplicable. Both of these cases suggest that an insured is entitled to new consideration of the insurer's duty to defend when the complaint in the underlying action is amended. But because our issue is whether Walsh could have raised the Third Amended Complaint in the context of the declaratory judgment proceeding, *Preston* and *Millers* are of little import. Indeed, even Walsh agrees that *Preston* and *Millers* do not contradict the "decades of Illinois jurisprudence" holding that "res judicata applies only to matters which actually were or *could have been* litigated in the prior proceeding." Reply Br. at 10 (emphasis in original). In both cases, amendment of the underlying complaint was only hypothetical— no amended complaints had been filed in the underlying actions and the Illinois Appellate Court was therefore leaving room for the holders of the insurance policies to maneuver in the event of further developments in the underlying actions. In the case at bar, however, Walsh had an amended complaint in

---

**2.** The original complaint filed in the underlying action contained a negligence count.

hand before it argued the state appeal and could have seized the opportunity to resolve the issues surrounding the Third Amended Complaint in its proceedings before the Illinois courts. Indeed, a careful reading of *Preston* and *Millers* only fuels this conclusion. In both cases, although an amended complaint had not been filed in the underlying action, the party seeking coverage nonetheless sought to limit the judgment of the trial court to the then-existing pleadings. *Cf. Restatement (Second) of Judgments* § 26(1)(b) (1982) (explaining that claim preclusion does not apply when "[t]he court in the first action has expressly reserved the plaintiff's right to maintain the second action"). We will not ignore the judgment of the Illinois courts because Walsh failed to take a similar step.

AFFIRMED.