**Robert WILSON, pro se, Plaintiff,**

v.

**District Judge William T. HART, et al., Defendants.**

**No. 98 C 296.**

United States District Court, N.D. Illinois, Eastern Division.

April 27, 1999.

Robert Wilson, plaintiff pro se.

Thomas P. Walsh, U.S. Attorney's Office, Chicago, IL, for defendants.

### ORDER

LOZANO, District Judge.

This matter is before the Court on Defendants' Motion to Dismiss, brought before the Court by Judges Richard D. Cudahy, Joel M. Flaum, William T. Hart, Michael S. Kanne, Daniel A. Manion, Richard A. Posner, and Kenneth F. Ripple ("federal judges") on June 19, 1998; Frederick Sudekum, III and Albert DeVito's

Motion to Dismiss filed on October 6, 1998; and Querry & Harrow, Ltd. and T. David Ackerman's Motion for Leave to File Motion to Dismiss, filed on November 4, 1998, and Motion to Dismiss, filed on November 4, 1998. For the reasons set forth below, the motions are **GRANTED.** The Clerk is **ORDERED TO DISMISS** this case with prejudice.

## BACKGROUND

The circumstances surrounding this case begin many years ago in an Illinois state court. According to Robert Wilson ("Wilson"), his insurance company did not properly handle his claims after two of his Illinois properties were damaged. The Vine Street property was damaged in 1983, and the South Turlington Street property was damaged in 1984. And so began Wilson's new career.

In 1987, Wilson filed a state suit against his insurance company improperly denying his claim on the Vine Street property. Wilson's case was dismissed with prejudice because he failed to bring the claim within the statute of limitations. (Defs.' Ex. A) Wilson appealed the decision to the Illinois appellate level, and lost again. (Defs.' Ex. B) He petitioned the Illinois Supreme Court for leave to appeal and was denied. (Defs.' Ex. C) He then petitioned for *certiorari* to the United States Supreme Court, and again was denied. (Defs.' Ex. D) Not to be discouraged, Wilson filed a new case in the Northern District of Illinois based on the same incident, this time alleging due process and equal protection violations, and lost. (Defs.' Ex. E) He lost again on appeal, and was denied *certiorari* once more. *See Wilson v. State Farm Fire & Cas. Ins. Co.*, No. 94–2646 (7th Cir. Sept. 13, 1995) (unpublished order). (Defs.' Exs. F, H, I)

In 1994, Wilson filed suit against the two attorneys who represented his insurance company in the prior cases, namely Defendants, Michael Resis and Frederick Sudekum. (Defs.' Ex. K) He claimed that the Vine Street property had been properly insured and that these Defendants had committed various torts and civil rights violations against Wilson during the prior litigation relating to the Vine Street property. The federal court dismissed this case with prejudice, (Defs.' Ex. L), and it seems Wilson did not appeal.

In 1996, Wilson filed suit against Defendants Resis, Sudekum, Albert DeVito, Richard Corrigan, T. David Ackerman, Gary Ravitz, and Querrey & Harrow, Ltd. in state court, again claiming that they had committed various torts against him during the Vine Street property litigation. (Defs.' Ex. M) The state court dismissed this case with prejudice. (Defs.' Ex. N)

According to Defendants, Wilson filed a complaint in state court relating to the South Turlington Street property against Sudekum, DeVito, and the insurance company claiming that they used the courts to deny Wilson his lawful right of payment. The state court also dismissed this case with prejudice. (See Defs.' Ex. P)

Wilson filed the instant claim against several federal district and appellate judges who ruled against him in his first federal suit against his insurance company as well as the Defendants from the federal and state cases. His allegations against the federal judges consist of abuse of power, fraud, conspiracy, lies, and breach of judicial oath. Wilson's claims against the other Defendants seems to be a compilation of misconduct, perjury, conspiracy, violation of Illinois Code of Professional Responsibility, abuse of power, fraud, violations of the Fourteenth Amendment, and the violation of federal laws. Wilson requests a significant sum of money from each Defendant. Regarding the judges, he insists that the Court overturn the other courts' prior rulings. Having withdrawn his motion for appointment of counsel, Wilson proceeds before the Court pro se.

## DISCUSSION

Under Federal Rule of Civil Procedure 8(a), a complaint should state "a short and plain statement of the claim showing that

the pleader is entitled to relief." Fed. R.Civ.P. 8(a). All of the facts and inferences within the complaint should be treated as true and should be construed in the light most favorable to the plaintiff. *Baxter v. Vigo County School Corp.,* 26 F.3d 728, 734 (7th Cir.1994); *Doherty v. City of Chicago,* 75 F.3d 318, 322 (7th Cir.1996). A complaint should not be dismissed "if the plaintiff could prevail 'under any set of facts that could be proved consistent with the allegations.'" *Luckett v. Rent–A–Center, Inc.,* 53 F.3d 871, 873 (7th Cir.1995) (citing *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984)). However, plaintiffs "may not avoid dismissal ... simply by attaching bare legal conclusions to narrated facts which fail to outline the bases of their claims." *Perkins v. Silverstein* 939 F.2d 463, 466 (7th Cir.1991). The Court "will not strain to find inferences favorable to the plaintiffs which are not contained within the complaint." *G.L. Indus. of Mich., Inc. v. Forstmann–Little,* 800 F.Supp. 695, 698 (S.D.Ind.1991) (citing *Coates v. Ill. St. Bd. of Educ.,* 559 F.2d 445, 447 (7th Cir. 1977)).

*The Federal Judges*

▮▮▮ Judges are absolutely immune from suit for money damages. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991). Judicial immunity is immunity from suit, not just from assessment of damages. *Id.* at 10, 112 S.Ct. 286. Immunity is overcome in two instances: (1) a judge is not immune for nonjudicial actions, and (2) a judge is not immune for judicial action taken in the absence of all jurisdiction. *Id.* (citing *Forrester v. White,* 484 U.S. 219, 226–27, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988)). To determine whether a judge's act is "judicial", the court looks at "the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles,* 502 U.S. at 11, 112 S.Ct. 286 (quoting *Stump v. Sparkman,* 435 U.S. 349, 362, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978)). Wilson's complaint claims that the federal judges' decisions against him were improper. A judge's decision in a case before him or her is considered a judicial action. Therefore, the alleged actions by the federal judges in this case were judicial.

▮▮▮ If the matter upon which a judge acts is clearly outside the subject matter jurisdiction of the court over which the judge presides, the act is done in the clear absence of all jurisdiction. *Ireland v. Tunis,* 113 F.3d 1435, 1441 (6th Cir.1997); *John v. Barron,* 897 F.2d 1387, 1392 (7th Cir.1990); *Ashelman v. Pope,* 793 F.2d 1072, 1078 (9th Cir.1986) (*en banc*). To explain the difference between acting in the absence of jurisdiction and acting in excess of jurisdiction, the Seventh Circuit has noted that

> if a probate judge, with jurisdiction over only wills an estates, should try a criminal case, he would be acting in the clear absence of jurisdiction and would not be immune from liability for his actions; on the other hand, if a judge of a criminal court should convict a defendant of a non-existent crime, he would merely be acting in excess of his jurisdiction and would be immune.

*Briscoe v. LaHue,* 663 F.2d 713, 722 (7th Cir.1981) (quoting *Stump,* 435 U.S. at 357 n. 7, 98 S.Ct. 1099).

▮▮▮ Wilson does not allege that the federal judges acted in absence of jurisdiction. Rather, he claims that his decisions were affected by their alleged abuse of power, fraud, and conspiracy, among other things. Judges will not be deprived of immunity because their actions were in error, were done maliciously, or were in excess of their authority. *John,* 897 F.2d at 1391 (citing *Stump,* 435 U.S. at 356–57, 98 S.Ct. 1099); *see, e.g., Ashelman,* 793 F.2d at 1078 (finding that conspiracy involving a presiding judge to predetermine a case's outcome would not pierce the judge's immunity if "the judge's ultimate acts are judicial actions taken within the court's subject matter jurisdiction"). Judi-

cial immunity "is not for the protection or benefit of a malicious or corrupt judge, but for the benefit of the public, whose interest is that the judges should be at liberty to exercise their functions with independence and without fear of consequences." *Pierson v. Ray,* 386 U.S. 547, 554, 87 S.Ct. 1213, 18 L.Ed.2d 288 (1967) (citation omitted); *accord Mireles,* 502 U.S. at 11–12, 112 S.Ct. 286. Because Wilson does not show that the federal judges' actions were either nonjudicial or occurred in the absence of jurisdiction, the Court finds that judicial immunity applies to Wilson's claims for damages. Therefore, the Court dismisses Wilson's claims for damages against the federal judges.

█ Wilson's complaint does not clearly request declaratory relief from the federal judges. The Court will address the issue, as Wilson is proceeding pro se. The doctrine of judicial immunity does not apply to claims seeking such preventative relief. *Scruggs v. Moellering,* 870 F.2d 376, 378 (7th Cir.1989) (citing *Pulliam v. Allen,* 466 U.S. 522, 541, 104 S.Ct. 1970, 80 L.Ed.2d 565 (1984)). Consequently, judges may be sued in an action seeking to enjoin them from pursuing a course of unlawful conduct. *Id.* However, the Court may not grant declaratory relief where no actionable live case or controversy exists. *Robinson v. City of Chicago,* 868 F.2d 959, 966 (7th Cir.1989) (finding that the declaratory judgment statute requires an actual controversy).

█ To succeed in a federal claim for declaratory relief, a plaintiff must prove that he "has sustained or is immediately in danger of sustaining some direct injury as the result of the challenged official conduct and the injury or threat of injury must be both real and immediate, not conjectural or hypothetical." *Crenshaw v. Dywan,* 34 F.Supp.2d 707, 713 (N.D.Ind.1999); *Horton v. Marovich,* 925 F.Supp. 532, 539 (N.D.Ill.1996) (quoting *City of Los Angeles v. Lyons,* 461 U.S. 95, 101–02, 103 S.Ct. 1660, 75 L.Ed.2d 675 (1983)). "Federal courts do not, as a rule, enjoin conduct

which has been discontinued with no real prospect that it will be repeated." *Horton,* 925 F.Supp. at 539 (quoting *Ragsdale v. Turnock,* 841 F.2d 1358, 1366 (7th Cir. 1988)). In this case, the proceedings before the federal judges have concluded. Wilson does not contend that their allegedly illegal conduct towards him is ongoing. *Cf. Ragsdale,* 841 F.2d at 1365 (finding that a plaintiff's conclusory assertions that the challenged actions were capable of repetition were not sufficient to avoid mootness). Thus, the federal claims for declaratory relief against these federal judges are moot. *See Horton,* 925 F.Supp. at 539–40 (denying a claim for injunctive relief against a judge as moot); *Crenshaw,* 34 F.Supp.2d at 713 (same); *Sato v. Kwasny,* No. 93C0037, 1993 WL 157461, *4 (N.D.Ill. May 12, 1993) (same). Wilson's federal claims for declaratory relief against the federal judges are **DISMISSED.**

### Res Judicata/Claim Preclusion

█ The doctrine of res judicata limits relitigation of an issue in a subsequent suit. *Payne for Hicks v. Churchich,* 161 F.3d 1030, 1037 (7th Cir.1998), *petition for cert. filed,* (U.S. April 9, 1999) (No. 98–1645). "Under the federal common law of res judicata, the subsequent suit is barred if the claim on which it is based arises from the same incident, events, transaction, circumstances, or other factual nebula as a prior suit that had gone to final judgment." *Okoro v. Bohman,* 164 F.3d 1059, 1062 (7th Cir.1999); *Wilson v. City of Chicago,* 120 F.3d 681, 687 (7th Cir. 1997); *Andersen v. Chrysler Corp.,* 99 F.3d 846, 852–53 (7th Cir.1996); *Herrmann v. Cencom Cable Associates, Inc.,* 999 F.2d 223, 226 (7th Cir.1993). The doctrine of res judicata, or more precisely, claim preclusion, bars a subsequent suit in a federal court when there exists: "(1) an identity of the causes of action; (2) an identity of the parties or their privies; and (3) a final judgment on the merits." *Kratville v. Runyon,* 90 F.3d 195, 197 (7th

Cir.1996); *Walsh Constr. Co. of Ill. v. Nat'l Union Fire Ins. Co. of Pittsburgh, Pa.*, 153 F.3d 830, 832 (7th Cir.1998). Further, claim preclusion applies to issues that were actually decided or could have been decided in the original suit. *Walsh*, 153 F.3d at 832 (citations omitted). If the three elements are satisfied, a plaintiff is precluded from raising not only those claims brought in a previous suit, but claims which could have been brought. *Richards v. Jefferson County, Ala.*, 517 U.S. 793, 796, 116 S.Ct. 1761, 135 L.Ed.2d 76 (1996); *Slavov v. Marriott Int'l, Inc.*, 990 F.Supp. 566, 570 (N.D.Ill.1998); *Walsh*, 153 F.3d at 832. The Court will address each element in turn.

■ First, identity of the causes of action, or "a single core of operative facts," exists here. *Roboserve, Inc. v. Kato Kagaku Co., Ltd.*, 121 F.3d 1027, 1034 (7th Cir.1997). In one of his prior suits before the Northern District of Illinois, Wilson sued Michael Resis and Frederick Sudekum for perjury, fraud, false pleading and civil rights violations (including Fourteenth Amendment, due process, and equal protection violations), all arising out of the incident with Wilson's insurance company over the Vine Street property. (Defs.' Ex. K) As with Wilson's current complaint, Wilson's prior federal complaint claims that the courts' prior rulings regarding the insurance incident were erroneous, that the defendants intentionally lied to and misled the courts, and that the defendants violated Wilson's civil rights by preventing justice to be served. The prior federal complaint also insisted that there was "some kind of conspiracy here, between the courts and [the insurance company]." (Def.'s Ex. K) The body of the complaint also mentioned many of the Defendants in this case, including Richard Corrigan, Albert DeVito, and Judge Hart, in the alleged conspiracy. In one of Wilson's prior state complaints, he claimed that the Defendants (excluding the federal judges) misused their power and the judicial system, deprived him of his right to file a

claim with his insurer, and breached their duty to the courts. (Defs.' Ex. M) As with Wilson's prior federal complaint, the allegations made in the prior state complaint are based upon Wilson's dealings with his insurance company over the Vine Street property.

In comparing these two complaints with the complaint filed before this Court, it is clear that there is an identity of the causes of action. In his current complaint, Wilson complains of attorney misconduct ("violation of the Illinois Code of Professional Responsibility"), conspiracy, perjury, violation of Wilson's civil rights (Fourteenth Amendment, due process, and equal protection), fraud, emotional distress, and abuse of power. According to the current complaint, all of these charges arise out of an incident with Wilson's insurance company which began with damages to his Vine Street property. The allegations in all three complaints stem from the same incident, that being Wilson's inability to recover damages from his insurance company after the Vine Street property was damaged in 1983.

Second, identity of the parties is present here, though Wilson names the federal judges in a suit for the first time. Adding the federal judges to this case will not prevent the Court from invoking the doctrine of res judicata. *See Nesses v. Shepard*, 68 F.3d 1003, 1004 (7th Cir.1995) (merely adding another party, in this case, the judge, to the allegation of a nonexistent conspiracy does not satisfy the requirement of alleging misconduct not dependent on the truth of a claim rejected in the previous suit). Furthermore, the Court has dismissed the federal judges from this case. Thus, the only remaining Defendants are those who have been sued by Wilson before.

In several prior state and federal suits over the Vine Street property litigation, Wilson has sued all of the nonjudicial Defendants in this case. Wilson brought his prior state claim against all of the nonjudicial Defendants, including Querry and

Harrow, Ltd., Frederick Sudekum, Albert DeVito, Michael Resis, Richard Corrigan, T. David Ackerman, and Gary Ravitz. (Defs.' Ex. M) As mentioned above, Wilson sued Defendants Michael Resis and Frederick Sudekum in federal court based on the same cause of action. (Defs.' Ex. K) Because Wilson previously sued all of the remaining Defendants in cases in which there is identity of the causes of action, the second requirement of res judicata is satisfied.

· Finally, the prior state and federal claims regarding the Vine Street property filed by Wilson both received final judgment on the merits. The Honorable Judge Duff dismissed Wilson's prior federal case with prejudice on March 15, 1994. (Def.'s Ex. L) According to Defendants Sudekum and Devito, Wilson did not appeal this decision. The prior state claim was dismissed with prejudice by Associate Judge E.J. Richardson on December 2, 1996. (Def.'s Ex. N) Thus, the third and final requirement for res judicata is satisfied.

*Statute of Limitations*

The only claims remaining in this case are those relating to the South Turlington Street property allegedly damaged on April 12, 1984. Wilson's complaint does not clearly state which of his many claims apply to the South Turlington Street property. However, upon review of the complaint, the only mention of the South Turlington Street property involve the denial of Wilson's claim in 1984 and the adverse judgment in 1986 allegedly due to Devito's misconduct. Specifically, Wilson's complaint admits that he filed suit based on the loss on this property was denied in September 1986. It also concedes that he lost the litigation over this property, and infers that DeVito may have used improper means to do so by tendering a "home made Fire report" to the court. If anything, these allegations describe torts against ·Wilson and his property. The statute of limitations for injury to a person in Illinois is two years. 735 Ill.Comp.Stat. 5/13–202 (West 1996). Further, "all civil actions not otherwise provided for [ ] shall be commenced within 5 years next after the cause of action accrued." 735 Ill. Comp.Stat. 5/13–205 (West 1996); *Raintree Homes, Inc. v. Village of Kildeer*, 302 Ill.App.3d 304, 235 Ill.Dec. 770, 705 N.E.2d 953, 955 (1999) (refusing to hear a claim challenging the constitutionality of village ordinances based on 735 Ill.Comp.Stat. 5/13–205). Because the South Turlington Street property events occurred over ten years before Wilson filed this suit 1997, Wilson is barred from raising these claims.

*Sanctions*

As detailed above, Wilson has spent almost fifteen years litigating the issues discussed in this order, whether it be in the state or federal system. This appears to be Wilson's third visit to the Northern District of Illinois regarding the Vine Street property. The history of his tireless efforts are set out in the complaints and orders found in Defense Exhibits A through P. Bringing a claim that is barred by res judicata is sanctionable. *See Cannon v. Loyola University of Chicago*, 784 F.2d 777, 782 (7th Cir.1986).

As this Court stated in *Jean v. Dugan,* The courthouse door is generally open to all. This principle, however, is stretched to its limits by those who conduct an ongoing campaign of frivolous litigation. *See Sloan v. Commissioner of Internal Revenue*, 53 F.3d 799, 800 (7th Cir.1995). These litigants waste the resources of the courts, ·of defendants, and ultimately, of society. *See Martin v. District of Columbia Court of Appeals*, 506 U.S. 1, 3, 113 S.Ct. 397, 121 L.Ed.2d 305 (1992) (observing that every frivolous paper filed causes some drain on the court's limited resources); *Support Systems Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir.1995) (noting that litigants who repeatedly file frivolous papers clog court proceedings and burden judges and their staffs to "the detriment of litigants having meritorious cases"); *Sassower v. American Bar Assoc.*, 33 F.3d 733, 736 (7th Cir.1994) (suggesting

that both defendants and the judicial system are "entitled to protection from" stubbornly frivolous litigants).

29 F.Supp.2d 939, 940–41 (N.D.Ind.1998). In one of Wilson's dismissed cases, the Cook County Circuit Court granted Defendant's motion for sanctions and barred Wilson "from filing any civil lawsuit in any court arising from the matters set forth in the complaint ... without first receiving prior written approval of a judge sitting in the Circuit Court of Cook County, Sixth Municipal District." (Def.Ex.N) Thus, Wilson was aware that filing yet another suit based on the same incident was improper and against the direct order of the state court.

The Court **NOW FINDS** that Wilson must obtain leave of court before filing any civil action in the district court of this circuit or any petition or appeal in this court. In seeking leave of court, Wilson must certify that the claims he raises have not been raised and disposed of on the merits by any federal or state court. Wilson's failure to certify this pleadings will be grounds for denial of leave of court.

*CONCLUSION*

For the reasons set forth above, the Defendants' Motion to Dismiss; Frederick Sudekum, III and Albert DeVito's Motion to Dismiss; and Querry & Harrow, Ltd. and T. David Ackerman's Motion for Leave to File Motion to Dismiss and Motion to Dismiss are **GRANTED.** The Clerk is **ORDERED** to **DISMISS** this case with prejudice. The Court now **ORDERS** that Wilson obtain leave of Court before filing any civil action in the district court of this circuit or any petition or appeal in this court. In seeking leave of court, Wilson must certify that the claims he raises have not been raised and disposed of on the merits by any federal or state court. Wilson's failure to certify this pleadings will be grounds for denial of leave of court.